CV-16-CO-1643-NE

IN THE U.S. DISTRICT COURT FOR :

THE NORTHERN DISTRICT OF , ALABAMA

..................................................................................

JIMMY LEE WATKINS

PLAINTIFF

V.

STATE OF ALABAMA ET.,AL.

DEFENDANT(S)
..................................................................................

PLAINTIFF'S AMENDED 42 U.S.C. §1983 COMPLAINT IN
     CASE NO._____
     PLAINTIFF PRO-SE AIS NO. 2 7 6 5 6 4
        HOUSING UNIT:(J)-78(A)-3(B)
  28779 NICKDAVIS RD. HARVEST, ALABAMA 35749

## NATURE AND CAUSE OF ACTION

. . . . . . . . . . . . . . . . . . . . . . . . . . .
THIS IS A CIVIL ACTION FILED BY JIMMY LEE WATKINS, AIS NO. 276564; A STATE PRISONER WHO IS CURRENTLY INCARCERATED AT THE LIMESTONE CORRECTIONAL FACILITY IN HARVEST, ALABAMA PURSUANT TO 42 U.S.C. § ALLEGEDLY BY THE NAMED DEFENDANT :

## PARTIES TO THIS ACTION

. . . . . . . . . . . . . . . . . . . . . . . . . . .
1). THE PLAINTIFF IS JIMMY LEE WATKINS AIS NO.276564, DORM-(J). AT 28779 NICKDAVIS ROAD HARVEST, ALABAMA 35749.

2). THE DEFENDANT IS A MORGAN COUNTY JUDGE, S.WATERS AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

3). THE DEFENDANT IS A MORGAN COUNTY JUDGE, S.PALER AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

4). THE DEFENDANT IS A MORGAN COUNTY JUDGE, S.E.HADDOCK AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

5). THE DEFENDANT IS A MORGAN COUNTY PROSECUTER, R.S.ANDERSON AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

6). THE DEFENDANT IS A MORGAN COUNTY D.A..B.BURELL AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

7). THE DEFENDANT IS A RETIRED SHERIFF FROM MORGAN COUNTY, GREG BARTLETT AT 3209 TABLE ROCK DR. S.W. HARSTELLE AL.35640.

8). THE DEFENDANT IS A DECATUR POLICE OFFICER, TODD PINION AT THE D.P.D 402 LEE ST. N.E. DECATUR AL.35601.

9). THE DEFENDANT IS A DECATUR POLICE OFFICER, JOSHUAH WILLIAMS AT THE D.P.D. 402 LEE ST. N.E. DECATUR AL.35601.

10). THE DEFENDANT IS A MORGAN COUNTY PROBATION OFFICER, MICHELLE PATRICK AT THE MORGAN COUNTY COURTHOUSE 302 LEE ST. DECATUR AL.35601.

11). THE DEFENDANT IS A ATTORNEY, JAMES T. KYLE AT 804 BANK ST. P.O. BOX 327 DECATUR AL. 35602.

12). THE DEFENDANT IS A ATTORNEY, CHRISTY M. MILLER AT 610 MYNATT ST. S.W. HARSTELLE AL. 35640.

13). THE DEFENDANT IS A ATTORNEY, GEORGE W. MILLER AT 610 MYNATT ST. S.W. HARSTELLE AL. 35640.

14). THE DEFENDANT IS A D.O.C. COMMISSIONER, J. DUNN AT LIMESTONE CORRECTIONAL FACILITY 2877 NICKDAVIS RD. HARVEST, ALA. 35749.

15). THE DEFENDANT IS A D.O.C. FIRST WARDEN, MR. GORDY AT LIMESTONE CORRECTIONAL FACILITY 28779 NICKDFAVIS RD. HARVEST AL. 35749.

16). THE DEFENDANT IS A D.O.C. SECOND WARDEN, MR. PATRICK AT LIMESTONE CORRECTIONAL FACILITY 28779 NICKDAVIS RD. HARVEST AL. 35749.

17). THE DEFENDANT IS A D.O.C. CAPTAIN, MR. ROBINSON AT LIMESTONE CORRECTIONAL FACILITY 28779 NICKDAVIS RD. HARVEST AL. 35749.

18) THE DEFENDANT IS A D.O.C. L.T., MR. COADY AT LIMESTONE CORRECTIONAL FACILITY 28779 NICKDAVIS RD. HARVEST AL. 35749.

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## THIS HONORABLE COURT'S JURISDICTION

THE PLAINTIFF IS CLAIMING ALLEGDLY, THAT THIS COURT HAS JURISDICTION AND AUTHORITY TO ENTERTAIN THIS ACTION AND TO GRANT HIM TO RELIEF REQUESTED HEREIN PURSUANT TO :

1). THE UNITED STATES HAS RATIFIED THREE (3) HUMAN RIGHTS TREATIES THAT ADDRESS THE RIGHTS OF PRISONERS: THE CONVENTION AGAINST TORTURE AND OTHER CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT; THE INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS; AND THE

INTERNATIONAL CONVENTION ON ELIMINATION OF ALL FORMS OF RACIAL DISCRIMINATION.

2).THE U.S. IS A MEMBER OF THE ORGANIZATION OF THE AMERICAN STATES (OAS),AND IS BOUND TO THE PROVISION OF THE AMERICAN DECLARATION ON ALL RIGHTS AND DUTIES OF ALL MEN.

3).28 U.S.C. §1331 BECAUSE;THIS CIVIL ACTION ARISES UNDER THE CONSTITUTIONAL LAW'S,AND TREATIES OOF THE U.S.A.,AND CONFINES MANY FEDERAL QUESTIONS.

4).THE U.S. IS A PARTY TO SEVERAL TREATIES THAT EXPLAIN HOW PRISIONERS SHOULD BE TREATED;RIGHTS BRANCHED FROM THE C.O.A ARTICLE 1 OF THE DECLARATION OF RIGHTS:(1).,(2),(8),(11),(16),(27),(33),(34),(37),AND (39);ALSO TITLE 42 CHAPTER 21 CIVIL RIGHTS §2000(E)-16(B).(1),(2),(3),U S.C.§1343(A).(3).,AND (4).;BECAUSE OF THIS ACTION TO REDRESS TO THE PLAINTIFF'S CONSTITUTIONAL RIGHTS BY THE NAMED DEFENDANT'S WHILE ACTING UNDER THE COLOR CODE OF ALABAMA STATE LAW,STATUTE,REGULATION,CUSTOM OR USAGE,AND TO RECOVER DAMAGES AND/OR EQUITABLE FOR THE PROTECTION OF THIS PLAINTIFF'S CIVIL RIGHTS PROVIDED BY THE U.S.A.

5).THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT DOES NOT,AS GENERAL MATTER,REQUIRE THE GOVERNMENT TO PROTECT ITS CITIZENS FROM THE ACTS OF PRIVITE ACTORS HOWEVER,THIS GENERAL RULE IS NOT ABSOLUTE.A NUMBER OF CURCUITS HAVE ADOPTED A STATE-CREATED DANGER EXCEPTION TO THE GENERAL RULE,UNDER WHICH A STATE ACTOR WHO KNOWINGLY PLACES A CITIZEN IN DANGER MAY BE ACCOUNTABLE FOR THE FORSEEABLE INJURIES THAT RESULT;§1983 CIVIL ACTION FOR DEPRIVIATION OF HUMAN RIGHTS,EVERY PERSON UNDER THE COLOR OF ANY STATUTE,ORDINANCE,REGULATION,CUSTOM,OR USAGE OF ANY STATE OR TERRITORY OR THE DISTRICT OF COLUMBIA,SUBJECTS,OR CAUSES TO BE SUBJECTED,ANY CITIZEN OF THE U.S. OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO DEPRIVATION OF ANY HUMAN RIGHTS,PRIVILIGES,OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS,SHALL BE LIABLE TO THE PARTY INJURED IN ACTION AT LAW,SUIT IN EQUITY,OR OTHER PROPER PROCEEDING FOR REDRESS,EXCEPT THAT IN ANY ACTION BROUGHT AGAINST A JUDICIAL OFFICER FOR AN ACT OR OMMISSION TAKEN IN SUCH OFFICER'S JUDICIAL CAPACITY,INJUNCTIVE RELIEF SHALL NOT BE GRANTED UNLESS A DECLARATORY DECREE WAS VIOLATED OR DECLARTORY RELIEF WAS UNAVAILABLE.FOR THE PURPOSES OF THIS SECTION,ANY ACT OF CONGRESS APPLICABLE EXCLUSIVELY TO THE DISTRICT OF COLUMBIA SHALL BE

6).TITLE 28 JUDICIARY AND JUDICIAL PROCEDURE PART IV JURISDICTION AND §1981 EQUAL HUMAN RIGHTS UNDER THE LAW-(A).(B).(C).§1982 ALL CITIZENS OF THE U.S. SHALL HAVE THE SAME HUMAN RIGHTS IN EVERY STATE AND TERRITORY,AS ENJOYED BY THE WHITE CITIZENS THERE OF WHERIT,PURCHASE,LEASE,SELL,HOLD,AND CONVEY REAL AND PERSONAL PROPERTY.

7).§2000 A.(A).-PROHIBITION AGAINST DISCRIMINATION OR SEGREGATION IN PLACES OF PUBLIC ACCOMMODATION;§2000 H-2-INTERVENTION BY ATTORNEY GENERAL;DENIAL OF EQUAL PROTECTION ON ACCOUNT OF RACE,COLOR,RELIGION,SEX OR NATION ORGIN.(D)-SUPPORT BY THE ACTION [ 42 U.S.C.S. §§2000-A-6];§2000 H-5 AUTHORIZATION TO BE APPROPIATED SUCH SUMS ARE NECESSARY TO CARRY OUT THE PROVISION OF THIS ACT.

THEREFOR THIS PLAINTIFF HEREBY INVOKES THE PENDENT AND AUTHORITY OF THIS HONORABLE COURT'S JURISDICTION.

..................................................................

CAPICITY IN WHICH THESE DEFENDANT'S ARE BEING SUED

THE PLAINTIFF IS SUING EACH AND EVERY DEFENDANT LISTED IN THIS U.S.C. 1983 BREIF;IN THEIR INDIVISUAL CAPACITY FOR INJUNCTIVE RELIEF AND MONEY DAMAGES FROM THE NAMED PERSONAL INVOLVEMENT.

COLOR OF STATE LAW

THE PLAINTIFF ALLEGES THAT THESE DEFENDANT(S) ALL TIME RELEVANT TO HIS COMPLAINT WERE ACTING UNDER COLOR OF STATE LAW

. . . . . . . . . . . . . . . . . . . . . . . .

STATEMENT OF FACTS

1). ON JULY 2ND, 2009 THE PLAINTIFF WAS ARRESTED BY THE DEFENDANT DT. PINION FOR FIRST DEGREE ARMED ROBBERY. IN PLAINTIFF'S PART IN THE ROBBERY HE DID NOT UTILIZE THE GUN NOR DID THE PLAINTIFF CAUSE PHYSICAL OR SERIOUS INJURY, OR NEITHER DID HE GO INSIDE THE BUILDING ARMED WITH A DEADLY WEAPON OR DANGERIOUS INSTRUMENT.

2). ON THE 2ND DAY OF JULY 2009 THE WARRENT WAS SIGHNED BY THESE FOLLOWING DEFENDANTS: PINION, BARTLETT, AND WATERS. THE DEFENDANTS DID NOT INFORM EACH OTHER THE NATURE AND REQUISITE ELEMENTS OF THE OFFENCE WHICH WAS LACKING FACTS THERE OF. AND NEITHER WAS A C.O.A PROVIDED FOR THE PLAINTIFF FOR HIS RIGHTS AS AN AMERICAN CITIZEN.

3). IN THE MONTH OF AUGUST 2009 THE PLAINTIFF RECIEVED HIS INDICTMENT STATING; THAT ALL THREE OF THE CRIMINALS ROLL WAS THREATEN THE IMMINENT USE OF FORCE AGAINST THE PERSON. THEN A SENTENCE LATER IT SAYS BY DEFENDANT BURRELL, ONE OF THE DEFENDANT'S ROLL WAS ARMED WITH A DEADLY WEAPON OR DANGEROUS INSTEUMENT, TO-WIT: A PUSTOL.

4). ON JANUARY 28TH, 2010 THE PLAINTIFF SIGHNED AN APPLILICATION FOR YOUTHFUL OFFENDER STATUS AND ORDER OF INVESTIGATION FORM. ALSO THE PLAINTIFF'S HEARING DATE WAS SET FOR APRIL 1ST, 2010. THE PLAINTIFF DID NOT HAVE ANY TYPE OF C.O.A INVESTIGATED STILL FROM HIS LAWYER NOR BY THE APPOINTED JUDGE AT THIS TIME FRAME TO HELP THE PLAINTIFF HAVE HIS SITUATION CONVEYANCE IN THE RIGHTS FOR HIS LIBERTY.

1.

5) FROM APRIL 1ST,2010 WHEN PLAINTIFF Y.O. WAS DENIED TILL NOVEMBER 16TH,2011 THE PLAINTIFF SAT IN THE COUNTY UNTILL HIS SENTENCING.THE PLAINTIFF WAS CALLED IN THE BACK OF THE COURT ROOM BY HIIS LAWYER AND TOLD THE PLAINTIFF THAT THE JUDGE IS OFFERING A PLEA OF A 20 YEAR SENTENC SPLIT WITH A TERM 5 YEARS TO SERVE IN PRISION.THE DEFENDANT KYLE EXPLAINED TO THE PLAINTIFF IN A COERCED WAY THAT IF HE TOOK THE CASE TO TRIAL THAT HE WOULD MORE THAN LIKELY LOOSE THE TRIAL AND WOULD BE FACING MORE TIME THAN WHAT WAS OFFERED.

THE PLAINTIFF CONVICTION LACKS THE FACTUAL REQUISITE ELEMENTS OF THAT STATUTE,THEY ARE NOT PRESENT AND ALSO ARE MISSING.THIS FACT IS PRESENTED THAT THE SENTENCE IMPOSED EXEEDS THAT AUTHORIZED BY LAW IS BROUGHT UNDER A JURISDICTIONAL GROUNDWORK,IN THAT THE SENTENCING JUDGE WAS NOT AUTHORIZED BY LAW TO IMPOSE THE SENTENCE,OR IS NOT AUTHORIZED BY LAW.

THE PLAINTIFF STATE THE FACT THAT THE PLEA OF GULITY WAS AN UNCONSTITUTIONALLY OBTAINED CONFESSION,THEREFOR THE PLAINTIFF PLEADED OUT IN FEAR AND TOOK THE SENTENCE.

THE PLAINTIFF WAS SENTENCED TO A 20 SPLIT 5 WITH 10 YEARS PROBATION FROM THE DEFENDANT HADDOCK ON NOVEMBER 16TH,2011.

6).THE PLAINTIFF SERVED HIS TIM IN D.O.C. CUSTODY AND E.O.S. HIS SENTENCE AND WAS TO REPORT TO THE DEFENDANT MRS.PATRICK WHO TO WHICH WAS ASSIGHNED AS THE PLAINTIFF'S PROBATION OFFICER AT THAT APPOINTED TIME.

THROUGH OUT THE TIME FRAME FROM THE PLAINTIFF E.O.S. DATE TILL HIS REVOCATION HERARINGS,HE HAS HAD A FEW VIOLATIONS.PLAINTIFF HAD FAILED A DRUG SCREEN TEST AND WAS TOLD HE WOULD HALF TO SIT IN THE COUNTY JAIL FOR A PERIOD OF NO MORE THAN 90 DAYS DUE TO HIS VIOLATION BEING A TECHNICAL VIOLATION.THE PLAINTIFF SAT IN THE MORGAN COUNTY JAIL FOR A PERIOD OF 100 (+) DAYS.

2.

THE DEFENDANT CHRISTY MILLER SHOWED UP A THE PLAINTIFF'S REVOCATION HEARING TO SEE THAT THE JUDGE GRANT THE PLAINTIFF HIS PROBATION BACK AND THERE WAS NO TYPE OF INVESTIGATION ABOUT THE PLAINTIFF'S CASE.THE PLAINTIFF WAS RELEASED FROM DECATUR CITY JAIL'S CUSTODY AND WENT TO REPORT THAT SAME FOLLOWING DAY TO DEFENDANT MRS.PATRICK.

7).ON OCTOBER 11TH,2015 THE PLAINTIFF WAS ARRESTED FOR WARRENTS AND THE PLAINTIFF WAS CHARGED WITH DV III AND LATER BONDED OUT.THE FOLLOWING WEEK END THE PLAINTIFF WAS CHARGED WITH ANOTHER DV III AND WAS HELD IN DECATUR CITY JAIL'S CUSTODY UNTILL HIS COURT DATE OCTOBER 29TH,2015.DEFENDANT CHRISTY MILLER EXPLAINED TO THE DEFENDANT IF HE WOULD ADMITT TO ONE OF THE DV III'S THEN ALL OF THE OTHER CHARGES WOULD BE DROPPED.

THE PLAINTIFF WAS ARRESTED BY DEFENDANT WILLIAMS FOR THE WARRENTS AND CONFISCATED A TAZOR FROM THE PLAINTIFF'S FEANCEE.AFTER THE PLAINTIFF BONDED OUT FROM THE DV III CHARGE HIM AND HIS FEANCEE WALKED UP TO THE CITY JAIL TO GET THE PLAINTIFF'S FEANCEE'S TAZOR,HIS FEANCEE THEN SIGHNED FOR IT AND IT WAS BACK IN HER POSESSION AND NOT USED FOR EVIDENCE IN THE PLAINTIFF'S REVOCATION HEARING.

8).PLAINTIFF WAS ESCORTED FROM THE CITY JAIL OCTOBER 29TH,2015 AND BOOKED INTO MORGAN COUNTY JAIL FACILITY.THE PLAINTIFF WAITED ON HIS REVOCATION HEARING DATE FEBUARY 2ND,2016.

9).IN FEBUARY THE PLAINTIFF WENT TO HIS REVOCATION HEARING.DEFENDANT WILLIAMS SHOWED UP AS A WITNESS FOR DEFENDANT MRS.PATRICK TO TESTIFY AGAINST THE PLAINTIFF.IN THE HEARING THE DEFENDANT WILLIAMS TESTIFIED AGAINST THE PLAINTIFF AND SAID THAT HE HAD RECIEVED THE TAZOR FROM THE PLAINTIFF DURING HIS ARREST FOR WARRENTS.THE DEFENDANT MRS.PATRICK TESTIFIED AGAINST THE PLAINTIFF SAYING THE PLAINTIFF WAS NOT TRYING TO FIND A JOB NEITHER WAS THE PLAINTIFF MAKING PAMENTS.

10).THE PLAINTIFF LOST HIS FATHER IN DECEMBER 2014 FROM A HEART ATTACK.FROM THROUGH OUT THAT TIME FRAME TILL THE PLAINTIFF'S SECOND REVOCATION HEARING THE PLAINTIFF WAS IN THE PROCESS OF LOOSING HIS FATHERS HOUSE AND HAVING A HARD TIME TRYING TO FIND ANOTHER JOB AND KEEPING UP THE PAYMENTS ON HIS PROBATION PLAN.THE PLAINTIFF ADMITTED TO THE DEFENDANT MRS.PATRICK THAT HE WAS HOMELESS AT THE TIME AND DUE TO THE FACT THAT HIS HOUSE WAS IN THE PROCESS OF BEING FORECLOSED.

THROUGH OUT THAT TIME FRAME THE PLAINTIFF WAS TRYING TO FIND A JOB FROM AUGUST TILL OCTOBER 2015,ALSO THE PLAINTIFF HAS HAD MANY JOB MANAGERS SIGHN HIS JOB DOCUMENT SHEET WHICH IS PROOF OF HIM TRYING TO FIND A JOB.

DEFENDANT MRS.PATRICK TOLD THE PLAINTIFF THAT AS LONG AS HE REPORTED THE LOCATION WHICH IN NO. (4) ON TH ORDER OF PROBATION AND PAY THE AMOUNT THAT SHE REQUESTED THAT HE WOULD NOT HALF TO WORRIE ABOUT NO. (10) AND NO. (9) THE AMOUNT THAT THE DEFENDANT WAS REQUESTING WAS WELL OVER NO. (15) ON THE PLAINTIFF'S ORDER OF PROBATION FORM.THE DEFENDANT WANTED THE PLAINTIFF TO PAY $175.00 A MOTH TO THE CLERK UP STAIRS.

THE PLAINTIFF MADE IT HIS PERSONAL RECOMINDATION TO SET UP A NEW PAYMENT PLAN IN THE BASEMENT OF THE COUNTY AS SHOWN ON THE RECORDS.

11).ON FEBUARY 16TH,2015 THE PLAINTIFF SIGHNED A DRUG SCREEN APPLICATION STATING THAT WITH IN (30) DAYS THE PLAINTIFF WOULD HALF TO TAKE A DRUG SCREEN TEST.THE PLAINTIFF HAD ADMITTED TO HIM AND HIS CONDITIONS WITH DRUGS THAT IS WHAT TRIGGERED DEFENDANT MRS.PATRICK TO SET A (30) DAY PERIOD ON THE PLAINTIFF TO GET CLEAN.ON MARCH 16TH,2015 THE PLAINTIFF REPORTED AND NEVER TOOK A DRUG SCREEN TEST,THE PLAINTIFF ASKED THE DEFENDANT ABOUT THE SITUATION AND SHE ACTED AS IF IT WAS NOT THE MATTER AND DID NOT CARE OR KNOW WHAT THE PLAINTIFF WAS TALKING ABOUT AND TOLD THE PLAINTIFF THAT SHE WOULD TEST HIM THE NEXT FOLLOWING MONTH.

4.

12).THE DEFENDANT MRS.PATRICK TOLD THE PLAINTIFF THAT IF HE WOULD PAY WHAT SHE REQUESTED A MONTH THAT HE WOULD NOT HALF TO WORRY ABOUT A DRUG SCREEN.WHEN APRIL 9TH,2015 ARRIVED THE PLAINTIFF STATED TO HIS PROBATION OFFICER THAT HE HAD BEEN USING DRUGS DUE TO HIS FATHER'S DEATH AND GOING THROUGH A GRIEF.THE DEFENDANT MRS.PATRICK TOLD THE PLAINTIFF THAT SINCE HE DID NOT HAVE ENOUGH MONEY THAT HE WOULD HALF TO TAKE A DRUG SCREEN WICH WAS (52) DAYS WHICH IS NOT THE LIMITED DAY PERIOD ACCORDING TO THE DRUG SCREEN APPLICATION.ALSO WHILE ON PROBATION THE PLAINTIFF WAS SUSPOSE TO VIOLATE ANY TYPE FEDERAL LAW'S,OR STATE OR LOCAL LAW'S.

13).THE PLAINTIFF NEVER MISSED ANOTHER REPORT AFTER HIS FATHER DIED,EVEN THOUGH HE SHOWED UP A LITTLE LATE HE STILL REQUIRED TO SHOW EFFORT FROM TRYING TO FIND A JOB TO MAKING PAYMENTS AND PASSING THE DRUG SCREEN TESTS.

THE DEFENDENT MRS PATRICK STATED ON THE DELIQUENCY REPORT ABOUT THE PLAINTIFF STATING THAT HE WAS ARRESTED ON THE 12TH AND 19TH OF OCTOBER.THESE FOLLOWING DATES DOES NOT MATCH UP TO THE PLAINTIFF'S ORIGINAL ARREST DATES ACCORDING TO THE DECATUR POLICE ARREST RECORDS.THESE SAME REPORTS WERE HANDED TO THE PLAINTIFF WHEN HE WAS PRESENTED AT HIS PRE-HEARING.

ALSO ON HIS DELIQUENCY REPORT IT STATES ABOUT THE TAZOR BEING CONFISCATED FROM THE PLAINTIFF BUT WAS NOT USED AS EVIDENCE AT HIS REVOCATION HEARING.

14).THERE IS A RULE THAT IS BASED ON FACTS STATING;A LAWYER SHALL NOT PREPARE AN INSTRUMENT GIVING THE LAWYERS OR A PERSON RELATED TO THE LAWYERS AS PARENT,CHILD,SIBLING,OR SPOUSE ANY SUBSTANTIAL GIFT FROM A CLIENT,INCLUDING A TESTAMENTARY GIFT,EXCEPT WHERE THE CLIENT IS RELATED TO THE DONEE.

ON MAY 6TH,2015 THE BAR GOT A REPLY BACK TO THEM AFTER THE PLAINTIFF FILED A COMPLAINT SAYING THAT HIS COURT APPOINTED LAWYERS DID NOT HANDLE THEIR JOBS AS PROFESSIONALS FROM GEORGE W.MILLER SPEAKING ON THE BEHALF OF CHRISTY M.MILLER STATING ABOUT THE PLAINTIFF'S RECORDS THAT WAS HANDED FROM THE DEFENDANT CHRISTY MILLER

15).THE DEFENDNAT ANDERSON DID NOT REVEAL EVIDENCE AS SUSPOSED TO INSTRUST THAT EVIDENCE IS EXCULPATORY EVICENCE IF IT IS FAVORABLE TO THE CHARGED PERSON'S DEFENCE.EXCULPATORY EVIDENCE INCLUDES EVIDENCE THAT THE PERSON DID NOT INFACT,COMMIT CRIME WHEN CHARGED.IT IS NOT AMBIGUOUS TO INITIATE A SUPPRESSION FROM UNDERWORKS.THIS IS CLEAR THAT IT CAUSES PLAIN ERROR.

A PROSECUTOR CAN NOT SIMPLY PRESUME,WITH OUT FUTHER QUESTIONING TO DISPEL ANY DOUGHT,THAT VINIRE MEMBER,WHO IS UNDER OATH,DID NOT ANWSER A QUESTION TRUTHFULLY MERLY BECAUSE THE PROSECUTOR HAS HEARSAY EVEDENCE TO THE CONTRARY.A PROSECUTOR;IN EXERCISING A PEREMPTORY STRIKE,MAY NOT RELY ON HEARSAY INFORMATION OBTAINED FROM LAWENFORCMENT OFFICER'S.AFFIDAVITS FOR ARREST WARRENTS MAY NOT BE BASED ON MERE CONCLUSIONS THAT THE OFFENCE HAS BEEN COMMITTED,BUT RATHER MUST CONTAIN THE FACTUAL BASIS FOR SUCH A CONCLUSION.

IT IS NOT ENOUGH THAT THE PROSECUTORS REMARKS WERE UNDESIRABLE OR EVEN UNIVERSALLY CONDEMED.THE RELEVANT QUESTION IS WHETHER THE PROSECUTOR'S COMMENTS SO INFECTED THE TRIAL WITH UNFAIRNESS AS TO MAKE THE RESULTING CONNECTION A DENIAL OF DUE PROCESS.THE COURT MUST EVALUATE THE COMMENT IN THE CONTEXT OF THE ENTIRE PROCEEDINGS.

NO CITY OR TOWN SHALL BE LIABLE FOR INJURY DONE TO OR WRONG SUFFERED THROUGH THE NEGLECT,CARELESSNESS OR UNSKILLFULLNESS OF SOME AGENT,OFFICER,OR ACTING IN THE DUTY AS EMPLOYEE FOR THE JUDICIAL ADMINISTRATIONS INVOKED IN WORK THERE FOR AND WHILE ACTING IN THE LINE OF THEIR DUTY,OR UNLESS SAID INJURY OR WRONGS WAS DONE OR SUFFERED THROUGH THE NEGLECT OR CARELESSNESS OR FAILURE TO REMEDY SOME DEFECT IN THE STREETS,ALLYS,PUBLICWAYS OR BUILDINGS.

FROM THROUGH OUT THIS TIME FRAME OF THE PLAINTIFF'S LIFE ITS BEEN A HASSLE OF TRYING TO GET THING ON TRACK WHEN OTHERS ARE NOT REALIZING WHAT THE DO OR HAVE DONE EFFECTS OTHER INDIVISUALS.IF THEY KNEW ABOUT IT THEY SHOULD BE HELD RESPONSIBLE,EVEN IF THEY DID NOT KNOW ABOUT IT THEY STILL SHOULD BE HELD RESPONSIBLE.

16).IN THE SAMME CASE WITH THE D.A.,KNOWING THAT THERE WOULD BE EVIDENCE FAVORABLE TOWARDS THE PLAINTIFF.IN STEAD THE JURY SAT AND WATCHED THE PROCEEDINGS HAPPEN DUE TO THE PLAINTIFF NOT KNOWING ANYTHING ABOUT THE CONSTRUCTION OF THE LAW AT THAT TIME FRAME,THIS EFFECTED THE PLAINITIFF'S LIFE WITH LOSS OF FAMILY SUPPORT,MORE BURDEN ON HIS FATHER ,AND ALSO THE PLAINTIFF SUFFERS FROM MENTAL EXHAUSTION AND ALOT OF EMOTIONAL DISTRESS.

17).ON JUNE 22ND,2016 AN INMATE BY THE NAME OF TIMOTHY SUNDAY WAS REPORTED TO SGT.BROWN AND L.T. FOX ABOUT A SITUATION THAT HAD OBLIGATED WITH SEXUAL HARRASMENT.THIS INMATE IS KNOW TO HAVE A SEXUAL HISTORY REPORT WITH OTHER INMATES THAT HAS REPORTED HIM TO D.O.C. OFFICIALS.

18).THE PLAINTIFF WAS RECIEVING INFORMATION FROM THE INMATE ABOUT LITIGATION AND THE PLAINTIFF WAS GRABBED ON THE BACK OF HIS NECK AND THE INMATE SQUEEZED THE PLAINTIFF'S ARM.

19). RIGHT THEN AND THERE THE PLAINTIFF MADE A PERSONAL STATEMENT TO THE INMATE STATING; HE KNOW WHAT HIS HISTORY AND BACKGROUND ENLIGHTENS TO AND THAT HE EXPECT NO FUTHER IMMORALITY FROM THE INMATE AND THAT IT WAS HIS FAIR WARNING ABOUT THE GESTER MOVEMENT, IF FUTHER PROCEEDENCE OCCURED THE PLAINTIFF WOULD THEN REPORT IT TO THE D.O.C. OFFICIALS.

20). ON THE NEXT FOLLOWING WEEK THE PLAINTIFF DID NOT SAY ANY THING TO THE INMATE OR ASK ANY THING ELSE ABOUT THE PROCEEDURES OF THE LAW AND HIS SITUATION, THE INMATE WALKED UP TO THE PLAINTIFF AND DONE THE SAME FOLLOWING PROCEEDURE AND LAUGHED ABOUT IT.

21). ON JUNE 22ND, 2016 THE NEXT DAY AFTER IT HAD OCCURED THE PLAINTIFF WENT TO THE SHIFT OFFICE AND REPORTED IT TO SGT. BROWN AND L.T. FOX AND FROM THERE THEY CALLED THE INMATE TO THE SHIFT OFFICE. THE PLAINTIFF WROTE A STATEMENT ON WHAT HAD HAPPENED. THE TWO OFFICERS TALKED TO THE INMATE AND ASKED HIM DID HE TOUCH THE PLAINTIFF AND WHERE, THE INMATE ADMITTED WHERE HE HAD TOUCHED THE PLAINTIFF AT. FROM THERE THE TWO OFFICERS ASK DID THE PLAINTIFF TELL THE INMATE NOT TO TOUCH HIM AGAIN, AND THE INMATE STATED YES.

22). FROM THAT POINT THE TWO OFFICERS ASKED DID THE INMATE TOUCH THE PLAINTIFF AGAIN AFTER THE PLAINTIFF TOLD HIM NOT TO. THE INMATE STATED THAT HE DID. FROM THAT POINT THE PREA DIRECTOR WAS CONTACTED AND THE PREA HOT LINE WAS CALLED BY THE PLAINTIFF THE NIGHT BEFOR IT WAS REPORTED TO THE TWO OFFICERS.

23). DURING THE PLAINTIFF'S INVESTIGATION ON THE FIELD OUTSIDE OF THE GYM WITH THE PREA DIRECTOR THE PLAINTIFF WAS PUT ON STAND BY FROM THE PREA DIRECTOR, AND A INMATE THE PLAINTIFF KNEW THAT HE WENT TO CHURCH WITH ASKED WHAT WAS GOING ON. THE PLAINTIFF EXPLAINED TO THE INMATE THAT HE HAD REPORTED WHAT HAD HAPPEN AND THAT THE PREA DIRECTOR STATED THAT THERE WAS NOT ENOUGH EVIDENCE. AROUND THE SAME TIME THE INMATE STATED THAT IT WAS NOT RIGHT AND THE PREA DIRECTOR WAS WALKING BACK TOWARDS THE PLAINTIFF RIGHT WHEN THE FEW

WORDS WERE SAID.THE PREA DIRECTOR WALKED IN ON THE SPOKEN CONVERSATION ABOUT HOW IT WAS NOT RIGHT AND MORE SHOULD BE DONE.

24).FROM THAT POINT THE PREA DIRECTOR WAS UPSET AND CURSING ACTING IN AN OUTRAGIOUS CONDUCT BEING AGGRESSIVE AND OFFENSIVE WITH THE PLAINTIFF AND TOLD HIM 'HEY IF YOU DONT LIKE THE WAY IM DOING MY JOB THEN SO BE IT ,NOW TELL ME IM NOT BEING FAIR SO I CAN LOCK YOUR BLACK ASS UP".THE PLAINTIFF TOLD THE PREA DIRECTOR THAT HE DID NOT HALF TO TALK TO HIM IN A DISRESPECTFUL MANNER,THE PREA DIRECTOR STATED "WELL IM DOING IT ANY WAY".

25).THE PLAINTIFF WAS TOLD BY THE DIRECTOR THAT HE WOULD HALF TO RE-WRIGHT HIS STATEMENT AND MAKE IT SOUND GOOD IN ORDER FOR HIM TO MAKE FUTHER PROCEEDURES,THE DEFENDANT COADY TOLD THE PLAINTIFF TO WALK BACK TO THE DORM AND THAT HE WOULD CALL FOR HIM AFTER COUNT.

26).AFTER COUNT THE PLAINTIFF WAS CALLED BACK TO THE CROSS OVER GATE TO TALK TO THE DEFENDANT.THE DEFENDANT ASKED DID THE PLAINTIFF WANT TO RE-WRIGHT THE STATEMENT.THE PLAINTIFF DECIDED NOT TO,BECAUSE OF THE SIMPLE FACT;WHEN THE INVESTIGATION TOOK PLACE AND THE PLAINTIFF TOLD THE DEFENDANT WHAT HAD HAPPENED AND EVEN EXPLAINED HOW IT HAPPENED,ALSO THAT THERE WAS ENOUGH EVIDENCE TO PROCEED IN THE STANDARDS OF THE INCIDENT THAT HAD TAKEN PLACE.THE PLAINTIFF ASKED HOW DID HE NOT HAVE ENOUGH EVIDENCE,THAT FACTOR WAS EGNORED ALONG WITH THE NO TOUCH POLICY AFTER BEING WARNED WAS EGNORED ALSO WHICH IS A PART OF THE SAFETY AND WALFARE.

27).PLAINTIFF THEN DECIDED TO WRITE THE D.O.C. WARDEN OF THE CAMP WARDEN GORDY AND EXPLAINED WHAT HAD HAPPENED,THE DEFENDANT REPLIED BACK STATING;THIS MATTER HAS BEEN OVERTURNED TO THE PREA DIRECTOR L.T. COADY.THE PLAINTIFF HAS WROTE THE I&I,U.S. PROGRAM ASSOCIATES;HUMAN RIGHTS WATCH,AND THE PREA STAFF MEMBER IN TEXAS,AND ALSO THE

9.

DEPT.OF JUSTICE.ALSO THE PLAINTIFF SUFFERS FROM LACK OF SLEEP AND SUFFERS FROM EMOTIONAL DISTRESS,AND MENTAL EXHAUSTION FROM RESTLESS NIGHTS FROM THE DISCOMFORT FROM THE REACTION FROM THE LOSS OF FAMILY SUPPORT,LOSS OF A FAMILY MEMBER,AND THE LOSS OF TIME AND DEPRIVIATION OF THE SOCIETY DUE TO THE TIME FRAME OF ILLNESS EMBRACED ON HIS LIFE FROM THE IMMORAL ACTIONS THESE DEFENDANT'S CAUSED ON PURPOSE.

..................................................................

C O U N T S

COUNT (1).

THESE DEFENDANTS CAUSED THE PLAINTIFF CONSTITUTIONAL AND CIVIL RIGHTS TO BE VIOLATED BY INVOKING DILIBERATE INDIFFERENCES TOWARDS THE PLAINTIFF BY UNDERMINING AND NOT THINKING ABOUT OTHER JUDICIAL EMPLOYEE'S OVER THEM,LOOKING OVER THE PLAINTIFF'S SITUATION AND NOT UNDERSTANDING WHAT PROFESSIONAL CONDUCT ASSUMPTIONS INCLUDE.

COUNT (2).

THE DEFENDANTS WHO ARE JUDGES INVOKES DELIBERATE INDIFFERENCE TOWARDS THE PLAINITFF BY OVER LOOKING THE FED.RULES OF CRIM.PRO.ARRAIGMENT AND PREPARATION FOR TRIAL RULE (11).NEITHER DID THEY INFORCE TO PROVIDE A C.O.A. FOR THE PLAINTIFF,INSTEAD THAY SAT AND ALLOWED THE SITUATION TO BECOME A ACUIENCE SITUATION.

COUNT (3)

THE DEFENDANTS WHO WERE ACTING AS ANY TYPE OF ARRESTING OFFICER SHOWED DELIBERATE INDIFFERENCE BY INTENTIONALLY WITH HOLDING MATERIAL EXCUPLATORY EVIDENCE,LETTING THE JURY PROCEED IN THE PROSECUTION WITH THE DUTY OF BEING ALERT FOR VIOLATIONS OF ANY TYPE OF PROHIBITION STATUTES AND COOPERATING WITH THE D.A. IN BRINGING VIOLATERS TO JUSTICE.THE DEFENDANTS KNOW THAT ANY FALSE INFORMATION OR OMISSION OF INFORMATION WILL JEPORDIZE THEIR POSITION WITH RESPECT TO EMPLOYMENT.

EVEN IN ACTING OUT IN AN OUTRAGIOUS CONDUCT TO BEING AGGRESSIVE IS A VIOLATION OF THE HUMAN RIGHTS,AND ACTING AS IF THE SITUATION DID NOT OCCURE WHEN IT WAS KNOWN TO HAVE TAKEN PLACE AND OCCURED.

COUNT (4).

THESE DEFENDANTS INVOKES DELIBERATED INDEFFERENCES BY EGNORING THE STATUTES AS WRITTEN BY THE GIVEN WORDS OF THE STATUTES,THESE DEFENDANTS KNOW THAT THE STATUTE MUST INTERPRET THAT SPECIFIC LANGUAGE AND DESCRIBE THE EXACT MEANING OF WHAT THE STATUTE EXPLAINES,AND THUS GIVE EFFECT TO THE APPERENT INTENT OF THE LEGISLATER.

..............................................................................

THE PLAINTIFF ASK(S) AND PRAY(S) FOR RELIEF

1).AWARDING THE PLAINTIFF TO BE REWARDED FOR THE NUMBER OF DAYS THAT HE WAS HELD IN CUSTODY THAT HE WAS NOT SUSPOSE TO DO,ALSO SEE THAT THE CORRECT AMOUNT IS PAID IN FULL THE CORRECT AMOUNT THAT IS LEGAL FOR BEING INCUSTODY WITH OUT THE COURT'S JURISDICTION;ALSO AWARDING THE PLAINTIFF TO ANY OTHER SUCH FUTHER RELIEF TOWARDS THE DEFENDANTS THAT QUALIFY FOR AN OFFICIAL CAPACITY SO INJUNCTION RELIEF IS MODIFIED TO PERSONAL INVOLVMENT.

2).AWARDING THE PLAINTIFF DECLARTORY JUDGMENT ON EACH INDIVISUAL ESTABLISHING THAT EACH DEFENDANT HAS VIOLATED THE PLAINTIFF'S FEDERAL CONSTITUTIONAL RIGHTS.

3).AWARDING THE PLAINTIFF TOWARDS MONEY DAMAGES TO WHERE ITS APPROPIATE FROM THE FOLLOWING DEFENDANTS WHO CAUSED THE PLAINTIFF TO SUFFER FROM RESTLESS NIGHTS FROM THE LACK OF SLEEP,EMOTIONAL DISTRESS,MENTAL EXHAUSTION,DISCOMFORT FROM UNPERMUTABLE DECISIONS FROM THESE DEFENDANTS;ALSO LOSS OF THE PLAINTIFF'S FAMILY SUPPORT,LOSS OF THE PLAINTIFF'S FAMILY MEMBER,AND LOSS OF THE PLAINTIFF'S TIME AND DIPRIVIATION OF THE SOCIETY DUE TO THE TIME FRAME OF THE ILLNESSES EMBRACED ON THE PLAINTIFF'S LIFE AND LIBERTY BEING PLACED IN JEPORDY FROM THE IMMORAL ACTS THESE DEFENDANT'S CAUSED ON PURPOSE.

4).AWARDING THE PLAINTIFF THIS SUIT TO BE HELD UNTILL HE PROVES TO THIS HONORABLE COURT THAT A MALICIOUS PROSECUTION HAS NOT BEEN EVALUATED AND HAS TAKEN PLACE IN THE CASE NO.5200-CC-2009-

001143.00;AND THAT FUTHER ACTION IS PRESSED FORWARD TOWARDS THE PLAINTIFF'S FAVOR WHEN THE CASE IS REVERSED TO SEE THAT THIS SUIT IS CONTINUED,AND FUTHER INFORMATION IS DELIVERED TO 919 BEDFORD DR. S.W. DECATUR,ALABAMA 35601.

5).THE PLAINTIFF ASKS THAT THIS HONORABLE COURT CONTACT THE U.S. MIDDLE DISTRICT ALSO FOR SUPPORT OF PROOF THAT MALICIOUS IMMORAL ACTIONS HAVE TAKEN PLACE BETWEEN THE LAWYERS,THE ALA.STATE BAR INVESTIGATORS AND COMMISSIONERS,AND THE OTHER FOLLOWING THAT ARE IN THE SUIT.ALSO TO SEE THAT THESE DEFENDANTS ARE PERMANTLY ENJOINED FROM VIOLATING ANY HUMAN OF ANY TYPE OF RACE THAT HAS LEGAL RIGHTS TOWARDS THE STATE LAW THAT DOES NOT UNDERSTAND THE U.S. LAW AND LITIGATIONAL MAZE AND THAT THE DEPT. OF JUSTICE IS CONTACTED TO HELP THE MIDDLE AND THE NORTHERN DISTRICT TO INVESTIGATE THESE FOLLOWING DEFENDANTS,AND TO SEE THAT A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION IS PROCESSED ON EACH DEFENDANT IN THIS SUIT AS SOON AS POSSIBLE.

6).AWARDING THE PLAINTIFF SEVEN HUNDRED AND SEVENTY-FIVE DOLLARS AND ZERO CENTS [$775.00] IN NOMINAL DAMAGES IF POSSIBLE FROM EACH AND EVERY DEFENDANT INDIVIDUALLY FOR NOMINAL DAMAGES.

8).AWARDING THE PLAINTIFF NINTY-FIVE THOUSAND DOLLARS AND ZERO CENTS [$95,000.00] IF POSSIBLE FROM THE DEFENDANTS THATS ENTITLED TO LIABLE DAMAGES IN THIS SUIT THAT ACTED IN BAD FAITH SHOWING IMMORALITY,MALICIOUS ACTIONS IN MAKING UNPERMUTABLE DECISIONS;THE PLAINTIFF ASKS THAT THIS IS CONSIDERED IN PUNITIVE DAMAGES.

9).AWARDING THE PLAINTIFF ONE-HUNDRED AND SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS [$175,000.00] IF POSSIBLE FOR:THE MATTER OF SHOWING DELIBERATE INDIFFERENCE TOWARDS THE PLAINTIFF AND CAUSED THE PLAINTIFF TO SUFFER FROM THE DAMAGES CONTAINED IN RELIEF REQUESTED NO. (3).

THE PLAINTIFF ASKS THAT THIS AWARD IN CONSIDERED IN COMPENSATORY DAMAGES.

MAY GOD BLESS YOU ALL WITH PEACE AND JOY IN JESUS NAME

DONE THIS DAY : __9_ / _27_ / _2016_

THIS FORM WAS PUBLISHED AND ILLUSTRATED BY THE

RESPECTFULLY SUBMITTED,

X _[signature]_
JIMMY LEE WATKINS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CERTIFICATE OF SERVICES UNDER OATH

I, JIMMY LEE WATKINS HEREBY SWEAR UNDER PENALITY OF PERJURY AND CERTIFY THAT I AM ON THIS __9_ / _27_ / _2016_, SERVING A COPY OF THE FOREGOING AMENDED CIVIL ACTION COMPLAINT UPON :

THE CLERK OF THIS U.S. DISTRICT COURT FOR THE : NORTHERN DISTRICT OF ALABAMA 1729 5TH AVENUE NORTH BIRMINGHAM, ALABAMA 35203-2040

BY PLACING COPIES OF THE SAME IN THE U.S.A. MAILING SERVICES AT; LIMESTONE CORRECTIONAL FACILITY LEGAL MAIL SYSTEM, PROPERLY ADDRESSED POSTAGE PREPAID.

TYPED AND ILLUSTRATED BY THE RESPECTFULLY SUBMITTED,

X _[signature]_
JIMMY LEE WATKINS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

LIMESTONE CORRECTIONAL FACILITY
28779 NICKDAVIS ROAD HARVEST, ALABAMA
35749 /(J)78/3(B)

Jimmy Lee Watkins AIS#276564 (J) 71 CELL
L.C.F Correctional Facility
28779 Nick Davis Road Harvest,
Alabama 35749

 LEGAL MAIL 

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Clerk of Court:
Northern District of Alabama
Hugo L. Black 5TH Avenue
North Birmingham Alabama
85203